**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **TRACY MCDONALD,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **No. 3:13-CV-4645-P (BF)** |
| | § | |
| **CAROLYN W. COLVIN, Acting** | § | |
| **Commissioner of Social Security,** | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS & RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Tracy McDonald ("Plaintiff") brings this action for judicial review of the Commissioner of Social Security's ("Commissioner's") final decision denying her claim for Social Security Disability Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act (the "Act") pursuant to 42 U.S.C. § 405(g). For the following reasons, the District Court should REVERSE the final decision of the Commissioner.

**BACKGROUND**

Plaintiff alleges that he is disabled due to a variety of ailments, including severe headaches, polycythemia, high blood pressure, and depression. *See* Tr. [D.E.8-3 at 70, 71, 74, 75]. After his application was denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on July 17, 2012 in Dallas, Texas. *Id.* [D.E.8-3 at 48]. At the time of the hearing, Plaintiff was 46 years old. *Id.* [D.E.8-3 at 67]. Plaintiff has a high school education. *Id.* [D.E.8-3 at 68]. Plaintiff has worked for 25 years as a mail clerk at Old Castle Glass. *Id.* [D.E.8-3 at 69]. Plaintiff testified that he was laid off at Old Castle Glass because he was unable to perform his duties. *Id.* [D.E.8-3 at 69]. Plaintiff has not engaged in substantial gainful activity since January 7, 2011. *Id.* [D.E. 8-3 at 50]. On January 23, 2012, the ALJ

issued a decision finding Plaintiff not disabled. *See id.* [D.E. 8-3 at 59]. The ALJ determined that while Plaintiff has the following medically determinable impairments: hypertension, polycythemia, migraine headaches and major depressive disorder, Plaintiff does not have an impairment or a combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months. *See id.* [D.E. 13 at 50]. Therefore, the ALJ determined that Plaintiff did not have a severe impairment or a combination of impairments. *See id.* [D.E. 13 at 50].

## LEGAL STANDARDS

A claimant must prove that he is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled.  Those steps are that:

> (1)     an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;

> (2)     an individual who does not have a "severe impairment" will not be found to be disabled;

> (3)     an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled

without consideration of vocational factors;

(4)    if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and

(5)    if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990) (paraphrasing 20 C.F.R. § 404.1520(b)-(f)).

The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)). If the Commissioner demonstrates that other jobs are available to the claimant, the burden of proof shifts back to the claimant to rebut such a finding. *Selders v. Sullivan* , 914 F.2d 614, 618 (5th Cir. 1990).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits was supported by substantial evidence and to whether the proper legal standard was utilized. *Greenspan*, 38 F.3d at 236; 42 U.S.C.A. § 405(g). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does not re-weigh the evidence, retry the issues, or substitute its own judgment, but rather

3

scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*,

38 F.3d at 236.

Absent an error that affects the substantial rights of a party, administrative proceedings do

not require "procedural perfection." *Wilder v. Colvin*, No. 3:13-CV-3014-P, 2014 2931884, *5 (N.D.

Tex. June 30, 2014) (citing *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012)). Procedural errors

affect substantial rights of a party only when the errors "cast into doubt the existence of substantial

evidence to support the ALJ's decision." *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988).

Remand is required where there is a realistic possibility that the ALJ would have reached a different

conclusion absent the procedural error. *January v. Astrue*, 400 F. App'x 929, 933 (5th Cir. 2010).

Further, "[t]he ALJ is not required to discuss every piece of evidence in the record nor must the ALJ

follow formalistic rules of articulation." *Hunt v. Astrue*, No. 4:12-CV-44-Y, 2013 WL 2392880, at

*7 (N.D. Tex. June 3, 2013).

## ANALYSIS

Plaintiff's appeal raises the following issues:

1.   Whether the ALJ failed to properly weigh the medical evidence and erred by finding that Plaintiff has no severe impairments; and

2.   Whether the ALJ failed to properly evaluate Plaintiff's credibility.

*See* Pl.'s Br. [D.E. 11 at 12, 21].

Plaintiff argues that the ALJ committed reversible error by rejecting the opinions of his

treating and examining medical sources who found Plaintiff's physical and mental impairments to

be disabling. *See id.* [D.E. 11 at 14]. Plaintiff contends that his treating physician, Dr. Chaim Banjo

determined that Plaintiff's polycythemia, migraines, joint pain, and hypertension precluded him from performing a sedentary job on a sustained basis and that he based his opinion on clinical evidence of headaches and increased blood pressure readings. *See id.* [D.E. 11 at 14]. Plaintiff further contends that the ALJ makes a wholly unsupported finding that Dr. Banjo rendered his opinion solely to assist Plaintiff obtain Medicare benefits. *See id.* [D.E. 11 at 15]. In addition, Plaintiff argues that even if the evidence the ALJ cited was sufficient to not give Dr. Banjo's opinions controlling weight, pursuant to SSR 96-2p, the ALJ should have weighed such treating source medical opinions using the factors provided in 20 CFR §§ 404.1527 and 416.927. *See id.* [D.E. 11 at 18]. Plaintiff argues that the ALJ was required to consider each 20 CFR § 404.1527 factor in evaluating Dr. Banjo's opinion because the ALJ did not rely on first-hand competing medical opinions from any treating or examining sources and failed to cite any medical opinions or other persuasive evidence contradicting Dr. Banjo's opinions. *See id.* [D.E. 11 at 18]. With respect to Dr. Kevin Murch's evaluation, Plaintiff similarly argues that it was appropriately supported by clinical and diagnostic findings and that the ALJ should have given his opinions significant weight pursuant to 20 C.F.R. § 404.1527(c)(1) and 416.927(c)(1). *See id.* [D.E. 11 at 19-21].

The Commissioner argues that the ALJ properly determined that Plaintiff's impairments were not severe because the medical evidence showed no signs of functional limitations. *See* Def.'s Br. [D.E. 12 at 7]. The Commissioner contends that the limitations assessed by Dr. Murch and Dr. Banjo do not correspond to their medical findings. *See id.* [D.E. 12 at 10-12]. Further, the Commissioner argues that pursuant to *Newton v. Apfel*, 209 F.3d 448, 457 (5th Cir. 2000), the ALJ need not set forth 20 C.F.R. § 404.1527 factors where as here, the ALJ cited other first-hand medical evidence demonstrating no functional limitations. *See* Def.'s Br. [D.E. 12 at 13]. Further, the Commissioner

5

contends that it is clear from the ALJ's decision that he considered all of the relevant 20 C.F. R. §

1527 factors. *See id.* [D.E. 12 at 14].

The Commissioner's decision is not supported by substantial evidence. In *Newton v. Apfel*,

the Fifth Circuit stated the following:

> [A]bsent reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist, an ALJ may reject the opinion of the treating physician *only* if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527[(c)].[1]

---

1. 20 C.F.R. § 416.927(c)(1)-(6) states the following:

(c) How we weigh medical opinions. Regardless of its source, we will evaluate every medical opinion we receive. Unless we give a treating source's opinion controlling weight under paragraph (c)(2) of this section, we consider all of the following factors in deciding the weight we give to any medical opinion.

(1) Examining relationship. Generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you.

(2) Treatment relationship. Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations. If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight. When we do not give the treating source's opinion controlling weight, we apply the factors listed in paragraphs (c)(2)(i) and (c)(2)(ii) of this section, as well as the factors in paragraphs (c)(3) through (c)(6) of this section in determining the weight to give the opinion. We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.

(i) Length of the treatment relationship and the frequency of examination. Generally, the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion. When the treating source has seen you a number of times and long enough to have obtained a longitudinal picture of your impairment, we will give the source's opinion more weight than we would give it if it were from a nontreating source.

(ii) Nature and extent of the treatment relationship. Generally, the more knowledge a treating source has about your impairment(s) the more weight we will give to the source's medical opinion. We will look at the treatment the source has provided and at the kinds and extent of examinations and testing the source has performed or ordered from specialists and independent laboratories. For example, if your ophthalmologist notices that you have complained of neck pain during your eye examinations, we will consider his or her opinion with respect to your neck pain, but we will give it less weight than that of another physician who has treated you for the neck pain. When the treating source has reasonable knowledge of your impairment(s), we will give the source's opinion more weight than we would give it if it were from a non-treating source.

(3) Supportability. The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion. The better an explanation a source provides

> Additionally, if the ALJ determines that the treating physician's records are inconclusive or otherwise inadequate to receive controlling weight, absent other medical opinion evidence based on personal examination or treatment of the claimant, the ALJ must seek clarification or additional evidence from the treating physician in accordance with 20 C.F.R. § 404.1512(e).

*Newton*, 209 F.3d at 453. Similar to the facts in *Newton*, "[t]his is not a case where there is competing first-hand medical evidence and the ALJ finds as a factual matter that one doctor's opinion is more well-founded than another. . . . Nor is this a case where the ALJ weighs the treating physician's opinion [] against the medical opinion of other physicians who have treated or examined the claimant and have specific medical bases for a contrary opinion." *Id.* at 458. In *Newton*, the ALJ "summarily rejected the opinions of Newton's treating physician, based only on the testimony of a non-specialty medical expert who had not examined the claimant." *Id.* Here, the ALJ rejected the opinions of Plaintiff's treating and examining physicians without the assistance of a medical expert or any other controverting medical opinion evidence. Therefore, contrary to the Commissioner's argument, there is no competing first-hand medical evidence demonstrating that Plaintiff has no functional limitations.

---

for an opinion, the more weight we will give that opinion. Furthermore, because nonexamining sources have no examining or treating relationship with you, the weight we will give their opinions will depend on the degree to which they provide supporting explanations for their opinions. We will evaluate the degree to which these opinions consider all of the pertinent evidence in your claim, including opinions of treating and other examining sources.

(4) Consistency. Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion.

(5) Specialization. We generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist.

(6) Other factors. When we consider how much weight to give to a medical opinion, we will also consider any factors you or others bring to our attention, or of which we are aware, which tend to support or contradict the opinion. For example, the amount of understanding of our disability programs and their evidentiary requirements that an acceptable medical source has, regardless of the source of that understanding, and the extent to which an acceptable medical source is familiar with the other information in your case record are relevant factors that we will consider in deciding the weight to give to a medical opinion.

In addition, while the Commissioner contends that the ALJ's decision demonstrates that he considered all of the relevant 20 C.F.R. § 1527 factors, the decision does not demonstrate that the ALJ conducted the detailed analysis required under *Newton*. *See Burgess v. Astrue*, C.A. No. C-10-371, 2011 WL 1828377, at *17 (S.D. Tex. Apr. 21, 2011) ("In rejecting the opinion of a treating physician, or affording it little weight, an ALJ must consider each and every one of these six criteria. . . . Failure to do so warrants remand of the case so that the analysis may be conducted."). Further, given that the ALJ found Dr. Banjo's medical records to be insufficient to give his opinion controlling weight, such as where the ALJ pointed out that Dr. Banjo opined that Plaintiff could not lift and carry any weight but then on the same page checked "no" that Plaintiff did not have significant limitations in doing repetitive lifting, the ALJ was required to seek clarification from Dr. Banjo given that there was no other medical opinion evidence based on personal examination or treatment of Plaintiff. *See* Tr. [D.E. 13-3 at 53]; *Newton*, 209 F.3d at 453.

The ALJ's errors here were not harmless because if he gave more weight to Dr. Banjo's opinions, he may have found Plaintiff to be disabled. Thus, Plaintiff has shown prejudice from the ALJ's failure to properly weigh medical opinions. The undersigned finds that the ALJ's legal errors in considering the medical evidence will necessarily require reconsideration, not only of the medical evidence, but of the remaining issues.

## RECOMMENDATION

The District Court should REVERSE the Commissioner's final decision and REMAND this case for further proceedings consistent with this recommendation.

SO RECOMMENDED, this 6th day of , 2014.


PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).