IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TRACY M., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW SAUL, Commissioner of the Social Security Administration <br><br> Defendant. | Case No. 3:13-cv-4645-E-BT |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff Tracy M.'s[1] Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b) (ECF No. 20). For the following reasons, the Motion should be GRANTED.

## Background

Attorneys associated with the Law Offices of Charles E. Binder and Harry J. Binder, LLP (f/k/a the Law Offices – Harry J. Binder and Charles E. Binder, P.C.) represented Plaintiff in this case seeking judicial review of a final adverse decision by the Commissioner of the Social Security Administration. *See* Decl. 1, ¶ 3 (ECF No. 20-5). On December 2, 2014, the Court remanded Plaintiff's case to the

---

[1] The Court uses only Plaintiff's first name and last initial as instructed by the May 1, 2018 Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

Commissioner for further administrative proceedings, *see* J. (ECF No. 15). The Commissioner subsequently issued a favorable decision awarding benefits to Plaintiff. Decl. 2-3, ¶¶ 4, 7. On November 28, 2020, the Commissioner issued the Notice of Award necessary to determine past due benefits to Plaintiff. *Id.* 4, ¶ 13. Thereafter, on December 14, 2020, Plaintiff's counsel filed their motion seeking $12,406.75 in attorney's fees, which appears to represent 25% of Plaintiff's past due benefits. Plaintiff's counsel states that, should the Court award $12,406.75 under § 406(b), the law firm will promptly refund the fees previously awarded under the Equal Access to Justice Act (EAJA), as required by law. Mot. 3. The Commissioner filed a response to the Motion, but respectfully declined to assert a position on the reasonableness of counsel's request because the Commissioner is not the true party in interest. Resp. 1 (ECF No. 22). Instead, the Commissioner asks the Court to independently resolve the questions of reasonableness and timeliness.

## Legal Standards and Analysis

The Court has discretion to award attorney's fees out of the past due benefits recovered by a successful claimant in a social security action. Specifically, § 406(b) of the Social Security Act, which governs the award of attorney's fees for representing a claimant in federal court, provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

2

42 U.S.C. § 406(b)(1)(A). *See also Murkeldove v. Astrue*, 635 F.3d 784, 787-88 (5th Cir. 2011) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 795, 800 (2002)); *Jackson v. Astrue*, 705 F.3d 527, 531 (5th Cir. 2013) (holding that "§ 406(b) fees are authorized in cases where an attorney obtains a favorable decision on remand"). The award under § 406(b) will be offset by any EAJA fees awarded. *Gisbrecht v. Barnhart*, 535 U.S. at 796; *accord Jackson v. Astrue*, 705 F.3d 527, 529 (5th Cir. 2013) ("Attorneys who successfully represent social-security-benefits claimants in court may receive fees under both the EAJA and § 406(b), but . . . must refun[d] to the claimant the amount of the smaller fee.") (citations and internal quotation marks omitted).

In this case, Plaintiff's counsel seeks a fee award under a contingency fee agreement with Plaintiff. The Court must independently review counsel's fee arrangement to assure that it yields a reasonable result in this case. *See Gisbrecht*, 535 U.S. at 807. A contingency fee agreement is unenforceable if it provides for fees in excess of 25% of the past due benefits awarded. *See id.* (citing § 406(b)(1)(A)). Moreover, to prevent windfalls for lawyers, if the sum of benefits awarded is large compared to the amount of time counsel spent on the case, a downward adjustment is appropriate. *Id.* at 808. The Fifth Circuit has implicitly approved several factors to consider in determining whether a fee award in a social

security case under a contingency fee agreement constitutes such a windfall.[2] Those factors include "risk of loss in the representation, experience of the attorney, percentage of the past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee." *Jeter*, 622 F.3d at 381-82 (citing *Brannen v. Barnhart*, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004)). The claimant's attorney bears the burden of persuasion on the reasonableness of the fees sought. *Gisbrecht*, 535 U.S. at 807 n.17.

Here, the relevant factors weigh in favor of approving Plaintiff's counsel's fee request. First, courts have consistently recognized that there is a substantial risk of loss in civil actions for social security disability benefits. *See, e.g.*, *Hartz v. Astrue*, 2012 WL 4471846, at *6 (E.D. La. Sept. 12, 2012) (collecting cases), *rec. adopted*, 2012 WL 4471813 (E.D. La. Sept. 27, 2012); *Charlton v. Astrue*, 2011 WL 6325905, at *4 (N.D. Tex. Nov. 22, 2011) (noting that, in the year 2000, only 35 percent of claimants who appealed their cases to federal court received benefits), *rec. adopted*, 2011 WL 6288029 (N.D. Tex. Dec. 14, 2011). And counsel faced a substantial risk of loss, as Plaintiff had repeatedly been denied benefits at every stage of a relatively lengthy administrative process. Second, Plaintiff's counsel are experienced attorneys whose background includes many years working almost

---

[2] The reasonableness of attorney's fees awarded pursuant to a fee shifting statute is generally determined by using the lodestar method. *See Jeter v. Astrue*, 622 F.3d 371, 378 (5th Cir. 2010). However, because § 406(b) is not a fee shifting statute, the Supreme Court has explicitly rejected using the lodestar method as the starting point in determining the reasonableness of a fee under this statute. *Id.*; *Gisbrecht*, 535 U.S. at 801-02.

exclusively on Social Security disability cases, both at the administrative and federal court levels. Third, the requested fee award of $12,406.75 does not appear to exceed 25% of the past due benefits that Plaintiff received. Rather, it appears to represent exactly 25% of the past due benefits Plaintiff received. The value of the case is significant to Plaintiff as he was apparently awarded almost $50,000.00 in a lump sum representing past due benefits. Next, the case presented some degree of difficulty as demonstrated by the fact that Plaintiff had been unsuccessful until counsel agreed to represent him in federal court, and given the time it took to secure an award of benefits following remand. Finally, the existence of a contingency fee agreement indicates that Plaintiff consented to the payment of up to a 25% fee.[3] *Hartz*, 2012 WL 4471846, at *6; *see also Jeter*, 622 F.3d at 381-82.

Counsel's effective hourly rate for the work performed in this case is $566.52 ($12,406.75 divided by 21.9 hours). Mot. 3. Counsel does not state what his normal non-contingent rate is, but the Court nonetheless concludes that $566.52 per hour is reasonable in this case. *Jovita F. v. Saul*, 2020 WL 3406195, at *2 (N.D. Tex.

---

[3] Although it appears that Plaintiff's counsel may have mistakenly attached to its motion a copy of a contingency fee agreement the law firm had with a different client, counsel has also submitted a sworn declaration in which he represents that Plaintiff signed a retainer agreement with the law firm that provides "if the claimant's case is remanded by the United States District Court to the Social Security Administration, and, upon remand, the claimant is awarded past due benefits by the Appeals Council and/or the Administrative Law Judge, the claimant will pay the undersigned twenty-five percent (25%) of past due benefits, upon approval by the District Court and/or Social Security Administration." Decl. 1-2, ¶ 3. The Court accepts this sworn statement as evidence of the existence of a contingency fee agreement.

Mar. 30, 2020), *rec. accepted*, 2020 WL 3404153 (N.D. Tex. June 18, 2020) (approving fee request where de facto hourly rate was $650); *Richardson v. Colvin*, 2018 WL 1324951, at *2 (N.D. Tex. Mar. 3, 2018) (same where de facto hourly rate was $937.50, and counsel's standard hourly rate was $375); *Sabourin v. Colvin*, 2014 WL 3949506, at *1-2 (N.D. Tex. Aug. 12, 2014) (same where de facto hourly rate was $1,245.55). In view of all the relevant factors, the Court concludes that the requested fee award in the amount of $12,406.75 is reasonable.

In addition, the Court concludes that Plaintiff's counsel timely filed their request for fees. Section 406(b) does not provide a specific time period for filing a request for attorney's fees. But the Fifth Circuit has suggested that a motion for attorney's fees under § 406(b) should be filed within fourteen days of the entry of final judgment, as required by Federal Rule of Civil Procedure 54(d)(2). *See Pierce v. Barnhart*, 440 F.3d 657, 664 (5th Cir. 2006). The court recognized, however, that when a case is remanded back to the Commissioner for further proceedings, the outcome of those proceedings is unknown, and therefore it would be premature for a plaintiff to request attorney's fees within fourteen days of the entry of judgment. *Foster v. Astrue*, 2011 WL 4479087, at *1 (S.D. Tex. Sept. 6, 2011) (citing *id.*); *Wilcox v. Astrue*, 2010 WL 3075264, at *1 (S.D. Tex. Aug. 5, 2010). The better course of action is for counsel to file the motion in a timely manner after the award of benefits. *Foster*, 2011 WL 4479087, at *1 (citing *Pierce*, 440 F.3d 657). Here, the Notice of Award necessary to determine past due benefits awarded to Plaintiff is

dated Saturday, November 28, 2020, and the motion was timely filed on Monday, December 14, 2020. *See Pierce v. Barnhart*, 440 F.3d 657 (5th Cir. 2006).

## Recommendation

The Court should GRANT Plaintiff's Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b) (ECF No. 20) and award The Law Offices of Charles E. Binder and Harry J. Binder, LLP $12,406.75 in attorney's fees to be certified for payment out of Plaintiff's past due benefits under 42 U.S.C. § 406(b). The Court should further Commissioner to certify and disburse such amount from Plaintiff's past due benefits to Plaintiff's counsel, and Plaintiff's counsel should be ordered to promptly return to Plaintiff the $4,495.30 (representing $4,095.30 in attorney fees and $400.00 in filing fees) previously awarded under the EAJA.

**SIGNED** December 28, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).